**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL SALAZAR, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NATIONAL BASKETBALL ASSOCIATION,<br><br>　　　　Defendant. | Case No. 1:22-cv-7935-JLR<br><br>**ORAL ARGUMENT REQUESTED** |

### PLAINTIFF'S MOTION & [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Michael Salazar respectfully moves this Court for an order accepting this sur-reply brief in order to clear up an incomplete factual statement in Defendant's reply brief, which was submitted on January 13, 2023. ECF No. 32. While generally Plaintiff's counsel would not submit a sur-reply, this is a rare instance where the Reply brief's contents compel the submission of a sur-reply. Because the Court has yet to set a hearing on Defendant's motion, and because the courts in this district have repeatedly stated that whether a consumer is on "inquiry notice is a fact-intensive analysis,"[1] Plaintiff's counsel seeks only to ensure the factual record is complete.

Tucked away in a footnote, Defendant states: "Mr. Salazar makes much of the changes to the email widget over time, Opp. 16-19 & n.17, but regardless of those changes (***which include the addition of hyperlinks***), there is no dispute that he had already received bold, blue hyperlinks to the policies in the cookie banner." ECF No. 32, at 9 n.9 (emphasis added). This recitation, however, does not fully describe the nature of the changes to the email widget which added hyperlink functionality to the term "Privacy Policy" ***and*** bold, blue text to phrases "Terms and

---

[1] *Feld v. Postmates, Inc.*, 442 F. Supp. 3d 825, 830 (S.D.N.Y. 2020) (citations omitted).

1

Conditions" and "Privacy Policy." As Plaintiff demonstrated in his opposition, according to the Wayback Machine, the email widget changed materially after this case was commenced. ECF Nos. 27, at 16-17; 29; 29-1, Exs. A-G.

Plaintiff's continuing investigation revealed that this change to Defendant's website occurred on **November 9, 2022** during the time **between 9:08:46 p.m. and 10:22:19 p.m**. The Wayback Machine") maintains the following snapshot of nba.com from 21:08:46 on November 9, 2022:



*See* Internet Archive, nba.com, *available at* https://web.archive.org/web/20221109210846/https://www.nba.com/ (last visited Jan. 19, 2023), attached hereto as **Ex. A**.

Additionally, The Wayback Machine maintains the following snapshot of nba.com from 22:22:19 on November 9, 2022:



*See* Internet Archive, nba.com, *available at*

https://web.archive.org/web/20221109222220/https://www.nba.com/ (last visited Jan. 19, 2023),

attached hereto as **Ex. B**.

A comparison of the snapshots above demonstrates the alterations made to the

www.nba.com website. To be clear, this change to the disclosures directly at issue on

Defendant's website occurred:

- precisely one week *after* parties entered into a stipulated schedule on November 2, 2022 (ECF No. 16); and

- roughly three weeks *before* Defendant moved to dismiss on December 2, 2022 (ECF No. 21).

As noted above, whether a consumer is on "inquiry notice is a fact-intensive analysis." *Feld*, 442

F. Supp. 3d at 830 (citations omitted). Here, Defendant presented the notice provided by the

email widget as a significant basis for dismissal of Plaintiff's claim, ECF No. 21, at 4 & n.2, and

was spotlighted at the December 21, 2022, hearing.[2] Thus, Defendant's attempt to soft pedal the full extent of these changes that have occurred since the filing of this matter should afforded no weight in determining the fate of its motion to dismiss.

The Court can take judicial notice of these additional snapshots from the Wayback Machine under Rule 201 of the Federal Rules of Evidence. *See* Fed. R. Evid. 201(b), (c). *See also* ECF No. 28 (seeking judicial notice of Wayback Machine snapshots). Plaintiff respectfully submits the Court should take judicial notice of these snapshots in light of Defendant's previous assertion that the "authenticity [of nba.com] is not in question." ECF No. 21 at 8 n.3.

For the reasons set forth herein, the Court should permit the filing of this sur-reply and consider the factual materials presented when evaluating Defendant's motion to dismiss.

Dated: January 19, 2023              Respectfully submitted,

                                By:    /s/ *Michael L. Murphy*
                                       Michael L. Murphy (NY 5084397)
                                       BAILEY & GLASSER LLP
                                       1055 Thomas Jefferson Street NW
                                       Suite 540
                                       Washington, DC 20007
                                       T: 202.463.2101
                                       mmurphy@baileyglasser.com

---

[2] Plaintiff's counsel requested a hearing transcript from the Court's Records Management Department, but was informed that although "[t]his was done in our courtroom but not on the record, we did not have a court reporter present." Email from J. Seto, Records Mgmt. (Jan. 17, 2023).

## CERTIFICATE OF SERVICE

      I hereby certify that *Plaintiff's Motion & [Proposed] Sur-Reply In Further Opposition To Defendant's Motion To Dismiss* was filed in the court's CM/ECF system and that counsel of record will be served.

      By:    /s/ *Michael L. Murphy*
                    Michael L. Murphy (NY 5084397)
                    BAILEY & GLASSER LLP